IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Wells Fargo Bank, National Association, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Stewart Title Guaranty Company, )<br>)<br>Defendant. )<br>_____) | C/A No. 3:16-1296-MBS<br><br><br><br>**OPINION AND ORDER** |

Plaintiff Wells Fargo Bank, National Association filed this action against Defendant Stewart Title Guaranty Company in the Court of Common Pleas for Richland County, South Carolina, on March 11, 2016. Defendant removed the action to this court on the grounds of diversity jurisdiction on April 26, 2016. This matter is before the court on Defendant's motion to dismiss for failure to state a claim, which motion was filed on May 24, 2016. See Fed. R. Civ. P. 12(b)(6). Plaintiff filed a memorandum in opposition on June 17, 2016, to which Defendant filed a reply on June 27, 2016.

I. FACTS

Plaintiff alleges that, through its predecessor in interest, it loaned $365,000.00 secured by a note and mortgage to certain borrowers with respect to property on Pawleys Island, South Carolina. Plaintiff purchased a title insurance policy from Defendant (the "Policy") that provided Plaintiff with a first mortgage position on the property. Plaintiff alleges that it subsequently discovered a defect in the title to the Pawleys Island property such that it held a third mortgage position rather than a first mortgage position. Plaintiff contends that on June 14, 2013, it filed a claim with Defendant seeking corrective action; however, Defendant would not honor the claim on the grounds that the claim was "premature" and Plaintiff had not yet suffered a loss. Plaintiff alleges

that after a period of time it was forced to mitigate its damages. As a result Plaintiff eventually accepted $140,000.00 from the borrowers in satisfaction of its note and mortgage, which resulted in a deficiency of $131,037.92. Plaintiff alleges that on December 30, 2014, it renewed its claim with Defendant and made a demand for payment of its $131,037.92 loss. By letter dated February 17, 2015, Defendant denied Plaintiff's claim under the Policy. Specifically, Defendant stated:

> We would like to draw your attention to the following Conditions of the Policy that state as follows:
>
>> 9. (c) The Company shall not be liable for loss or damage to the Insured for liability voluntarily assumed by the Insured in settling any claim or suit without the prior written consent of the Company.
>>
>> 10. (b) The voluntary satisfaction or release of the Insured Mortgage shall terminate all liability of the Company except as provided in Section 2 of these Conditions.
>
> We would like to now draw your attention to the above-referenced Section 2 of the Conditions of the Policy:
>
>> 2. Continuation of Insurance.
>>
>> The coverage of this policy shall continue in force as of Date of Policy in favor of an Insured after acquisition of the Title by an Insured or after conveyance by an Insured, but only so long as the Insured retains an estate or interest in the Land, or holds an obligation secured by a purchase money Mortgage given by a purchaser from the Insured, or only so long as the Insured shall have liability by reason of warranties in any transfer or conveyance of the Title. This policy shall not continue in force in favor of any purchaser from the Insured of either (i) an estate or interest in Land, or (ii) an obligation secured by a purchase money Mortgage given to the Insured.
>
> Based upon Stewart's understanding of the facts recited above and its review of the documentation to which it had access, your request for coverage under the Policy in connection with the Mortgage is respectfully denied.
>
> Upon application of the relevant Policy provisions to the facts as Stewart understands them, your claim is denied because the Claimant voluntarily accepted payment in the amount of $140,000.00 . . . to release the Mortgage . . . . As the Claimant voluntarily agreed to accept $140,000.00 without Stewart's consent and subsequently released

2

>   the Mortgage, pursuant to Condition 9, Stewart is not liable for any loss or damage arising from such settlement or agreement.  Further, pursuant to Condition 10 of the Policy, all liability of Stewart under the Policy is terminated as the Claimant voluntarily released the Mortgage.  Furthermore, the Claimant does not meet the conditions for the continuation of coverage as provided by Condition 2 of the policy because the Claimant 1) no longer retains interest in the Land by virtue of its release of the Mortgage, 2) does not hold an obligation secured by a purchase money Mortgage given by a purchaser from the Claimant, and 3) Claimant has not indicated that it has given any warranties of title in any transfer or conveyance of the title.

ECF No. 8-4, 5-6.

Plaintiff asserts causes of action for breach of contract and bad faith refusal to pay.

## II.  DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  This rule "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombley, 550 U.S. at 555).  Instead, a complaint must contain "'[f]actual allegations [sufficient] to raise a right to relief above the speculative level.'" Id. (quoting Twombley, 550 U.S. at 555).  Thus, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant contends in its motion to dismiss that (1) any liability owed by it under the policy has terminated because Plaintiff voluntarily released the mortgage, and (2) it is not obligated to cover Plaintiff's losses because Plaintiff did not obtain written consent from Defendant before voluntarily assuming a loss under the note and mortgage.  Plaintiff argues, however, that its claims for breach of contract and bad faith refusal to pay state valid claims for relief, and that Defendant

prematurely calls for the court to interpret language included in the Policy. The court first turns to the allegations of the complaint.

A.  Breach of Contract (First Cause of Action)

In South Carolina, an action for breach of contract requires three elements: (1) a binding contract; (2) an unjustifiable breach of said contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach. Comerica Bank v. How Mad, Inc., No. 4:12 CV 3159-RBH, 2013 WL 5566038, *3 (D.S.C. Oct. 8, 2013) (citing Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602 (S.C. 1962)).

In this case, Plaintiff alleges that the Policy comprised a binding contract between Plaintiff and Defendant. Plaintiff alleges that the Policy placed Plaintiff in a first mortgage position with respect to the Pawleys Island property. Plaintiff asserts that it discovered a defect in the title; Defendant did not cure the defect; and Plaintiff suffered $131,037.92 in damages, plus interest and other damages, as a result of Defendant's failure to meet its obligations under the Policy. The court finds that the complaint states sufficient factual information that is plausible on its face to support a breach of contract cause of action.

B.  Bad Faith Refusal to Pay (Second Cause of Action)

In South Carolina, a bad faith refusal to pay cause of action on an insurance contract requires the following elements; (1) the existence of an insurance contract; (2) a refusal to pay the insured party funds due from the policy; (3) bad faith or unreasonable action on the part of the insurer; and (4) that the insured party suffers damages. Snyder v. State Farm Mut. Auto. Ins. Co., 586 F. Supp. 453, 457 (D.S.C. 2008)(quoting Howard v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 528, 586 (S.C. 1994)). If there is no reasonable ground for the insurer to contest a claim, there is bad faith. Crossley v. State Farm Mut. Auto Ins. Co., 415 S.E.2d 393, 397 (S.C. 1992).

Plaintiff alleges the existence of a title insurance contract; that Defendant refused to pay damages resulting from a defect in the title to the Pawleys Island property; that Defendant had no reasonable basis to refuse to pay the contracted-for coverage and benefits; and that Plaintiff is entitled to actual, consequential, and punitive damages. The court finds that the complaint states sufficient factual information that is plausible on its face to support a cause of action for bad faith refusal to pay.

Next, the court will address Defendant's argument that Plaintiff fails to allege facts sufficient to show Defendant breached the Policy.

C.     Interpretation of the Policy Language

According to Defendant, it owes no liability to Plaintiff under the clear and unambiguous terms of the Policy because Plaintiff voluntarily released the underlying mortgage and entered into a settlement with the borrowers without Defendant's consent.

Generally, in evaluating a motion to dismiss under Rule 12(b)(6), the court may not look beyond the pleadings without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). The court may consider documents attached to the motion to dismiss if they are integral to and relied upon in the complaint, and their authenticity is not disputed. Humane Soc'y v. Hanor Co. Of Wis., LLC, No. 4:15-CV-109-FL, 2016 WL 3435192 (E.D.N.C. June 17, 2016) (citing Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 607 (4th Cir. 2015)). Here, Defendant urges the court to review the language of the Policy and make a determination that Defendant cannot be liable to Plaintiff.

Defendant's argument presupposes that Plaintiff's conduct in settling with the borrowers was "voluntary." Black's Law Dictionary defines "voluntary" as "done by design or intention; unconstrained by interference; not impelled by outside influence." *Voluntary*, Black's Law

5

Dictionary (9th ed. 2009). Courts have equated the term "voluntary" with the terms "willful," or "willful conduct," which is defined as conduct that is "not beyond (a) person's control." In Re Campbell, 266 B.R. 709, 712 (Bankr. W.D. Ark. 2001). The Merriam-Webster Dictionary provides a legal definition of "voluntary" as:

1    a : proceeding from one's own free choice or consent rather than as the result of duress, coercion, or deception <a voluntary statement>

      b : not compelled by law : done as a matter of choice or agreement <voluntary arbitration>

      c : made freely and with an understanding of the consequences <a voluntary plea of guilty>

2    : done by design or intention

3    : made without valuable consideration or for nominal consideration <a voluntary conveyance>

http://www.merriam-webster.com/dictionary/voluntary (last visited Aug. 10, 2016).

Assuming for purposes of discussion only that the term "voluntary" as set forth in the Policy is susceptible of a clear and unambiguous meaning, the court concludes nevertheless that an issue of fact exists as to whether Plaintiff's conduct in accepting a settlement with the borrowers was indeed a matter of "free choice or agreement." The court finds the complaint states sufficient factual information that is plausible on its face that Plaintiff's actions were not "voluntary" within the meaning of the Policy, but were compelled by an attempt to mitigate its damages in face of Defendant's refusal to cure the title defect or otherwise perform under the Policy.

III. <u>CONCLUSION</u>

For the reasons stated, Defendant's motion to dismiss (ECF No. 8) is **denied**.

**IT IS SO ORDERED.**

<div style="text-align: right;">/s/ Margaret B. Seymour<br>Senior United States District Judge</div>

Columbia, South Carolina

August 23, 2016